FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 MAR 10 AM 9: 37

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | ) ) ) ) | No. 69387-5-I |
| THOMAS J. PAULSON, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) | FILED: March 10, 2014 |

PER CURIAM — Thomas Paulson filed this personal restraint petition challenging his convictions for possession of a controlled substance and unlawful possession of payment instruments in Snohomish County Superior Court Cause No. 06-1-02565-7. Because, as the State concedes, Paulson is entitled to relief by the retroactive application of Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), we grant Paulson's petition and remand to the superior court for suppression of the evidence obtained from the warrantless search of Paulson's vehicle.

On December 30, 2005, Mountlake Terrace Police Officer Scott King pulled over a vehicle because its license tabs had expired. Thomas Paulson was driving the vehicle but was not the registered owner. After Paulson identified himself, Officer King discovered that Paulson was driving with a suspended license and arrested him. Officer King secured Paulson in his patrol car and proceeded to search the passenger compartment of the vehicle incident to arrest. The search revealed cocaine, heroin, and stolen financial instruments.

Paulson timely appealed his conviction by a jury of possession of a controlled substance and unlawful possession of payment instruments, arguing that the deputy prosecutor committed misconduct and that the sentencing court exceeded its authority by ordering him to participate in a mental health evaluation and treatment as a condition of community custody. This court affirmed Paulson's convictions in an unpublished opinion, State v. Paulson, No. 60917-3-I, issued on February 23, 2009.

On April 23, 2009, the United States Supreme Court issued its decision in Gant, which set forth the circumstances in which law enforcement may, under the Fourth Amendment, conduct a warrantless search of a vehicle incident to an arrest. Following Gant, such a search is lawful "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest."[1] Gant, 556 U.S. at 351.

Paulson filed a petition for review to the Washington Supreme Court, which was denied on September 9, 2009. This court entered the mandate terminating Paulson's direct appeal on October 23, 2009.

On or about September 25, 2012, Paulson filed a motion in the superior court seeking to vacate his convictions, claiming that the search of his vehicle was unlawful under Gant. The superior court transferred the matter to this court for consideration as a personal restraint petition.[2] CrR 7.8(c)(2).

---

[1] The Washington Supreme Court further limited this authority in State v. Snapp, 174 Wn.2d 177, 275 P.3d 289 (2012), holding the "vehicle containing evidence of the crime of arrest" exception to be unconstitutional under article I, section 7 of the Washington State Constitution.

[2] This is Paulson's second personal restraint petition. On December 28, 2008, Paulson filed his first personal restraint petition, No. 62720-1, in which he argued that

On July 24, 2013, this court remanded Paulson's petition to the superior court for a reference hearing in order to determine whether the search incident to arrest was lawful pursuant to Gant, and, if not, whether the search was lawful under any other exception to the warrant requirement. The superior court entered the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Montlake [sic] Terrace Police Officer Scott King was on duty on Dec. 30, 2005, when he encountered the defendant driving a vehicle at 2 a.m. northbound on Hwy 99 with expired tabs. 1 Trial RP 31-32.

2. Officer King stopped the vehicle for expired tabs. 1 Trial RP 32.

3. The vehicle was not registered to the defendant. 1 Trial RP 67.

4. Prior to the stop, Officer King did not see the defendant making any furtive movements. 1 Trial RP 61-62, 76.

5. Upon obtaining biographical data from the defendant and running this information through dispatch, dispatch "gave [Officer King] reason" to arrest the defendant.[3] 1 Trial RP 32-33.

6. Officer King arrested the defendant. 1 Trial RP 33.

7. Officer King placed the defendant in his patrol car and then searched the passenger compartment of the vehicle incident to arrest. 1 Trial RP 39, 52.

8. The search of the passenger compartment yielded controlled substances, access devices, and stolen financial instruments. 1 Trial RP 39-46, 52, 62, 64-65.

---

the deputy prosecutor committed misconduct, defense counsel was constitutionally ineffective for failing to make certain objections, and that he was entitled to a new trial based on newly discovered evidence. This court stayed Paulson's petition pending his direct appeal and subsequently dismissed it as frivolous on February 24, 2010.

[3] (Footnote omitted.)

CONCLUSIONS OF LAW

1.    Officer King's stop of the vehicle for expired tabs was lawful.

2.    The arrest of the defendant was lawful . . . .

3.    Pursuant to Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) and its progeny (including State v. Valdez, 167 Wn.2d 761, 777, 224 P.3d 751 (2009) and State v. Patton, 167 Wn.2d 379, 394-95, 219 P.3d 651 (2009)), the 2005 warrantless search of the passenger compartment of the vehicle incident to arrest would not be lawful if conducted today. There was no reasonable basis under these facts to believe the defendant posed a safety risk, or that the vehicle would contain evidence of the crime of arrest.

4.    The Court finds under these facts that there was no other exception to the warrant requirement to furnish a lawful basis for the search of the vehicle.

Generally, personal restraint petitions must be filed within one year after the judgment and sentence becomes final. RCW 10.73.090. However, the one-year time limit does not apply when:

> [t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100(6).

As the State concedes, RCW 10.73.090 does not bar Paulson's petition despite the fact that it was filed nearly three years after his judgment and sentence became final. First, as discussed above, Gant constitutes a significant change in the law. Second, Gant is material to Paulson's conviction because Paulson's conviction was based entirely on items found during a search of his vehicle incident to his arrest.

4

Finally, Gant applies retroactively to Paulson's conviction because the mandate did not issue and Paulson's conviction did not become final until after Gant was decided. See State v. Robinson, 171 Wn.2d 292, 303, 253 P.3d 84 (2011); In re Grasso, 151 Wn.2d 1, 12, 84 P.3d 859 (2004).

To prevail on a personal restraint petition, Paulson bears the burden of demonstrating either an error of constitutional magnitude that gives rise to actual prejudice or a nonconstitutional error that inherently results in a "complete miscarriage of justice." In re Pers. Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). It is clear that Paulson was prejudiced by the admission of evidence obtained from the warrantless search of his vehicle. The State concedes that the warrantless search of Paulson's vehicle would not be lawful if conducted today and that there was no other exception to the warrant requirement to furnish a lawful basis for the search of the vehicle. Accordingly, we grant Paulson's petition, reverse his convictions, and remand to the superior court for suppression of the unlawfully obtained evidence.

FOR THE COURT:

_____

_____

_____